THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARCOS GOMEZ-TERON,

    **Petitioner,**

    v.

HIRAM CEREZO DE JESUS,

    **Respondent.**

**Civil No. 21-1173 (ADC)**

## OPINION AND ORDER

On April 20, 2021, Marcos Gómez-Teron ("petitioner") filed a *pro se* motion for habeas relief under §2254. **ECF No. 1.** Petitioner then filed a four-page filing in the Spanish language. **ECF No. 4-1**. The Clerk of Court entered a notice of defective filing explaining to petitioner (in both English and Spanish) that all fillings must be in the English language for the Court to consider them. **ECF No. 4.**

Petitioner then filed a motion requesting that he be allowed to litigate his case in the Spanish language. **ECF Nos. 5**, **5-1**. On January 23, 2023, the Court denied petitioner's request to continue the proceedings in the Spanish language and provided petitioner with the following advice and notice: "[a]ll pleadings are to be filed in the English language. Failure to comply will preclude consideration of the pleading(s) and may and will entail dismissal of the action." **ECF No. 9**. In a separate Order, the Court granted petitioner until February, 2023 to comply with this Court's orders instructing petitioner to refile his filings in the English language or to provide a

translation thereto. **ECF No. 11**. To date, after considerable time, plaintiff has not complied with this Court's Orders. *Id*.

Pursuant to 48 U.S.C. § 864 "All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Accordingly, Local Rule 5(g) provides that "All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English[.]" The United States Court of Appeals for the First Circuit requires strict enforcement of the English language requirement where the untranslated document is key to the outcome of the proceedings. *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008). Allowing non-English document would be "at odds with the premise of a unified and integrated federal courts system." *Id*. Therefore, district courts should not consider such documents. *González–De–Blasini v. Family Department*, 377 F.3d 81, 89 (1st Cir. 2004).

Here, petitioner has been made aware, on several occasions, of the need to file a certified translation of his Spanish language petition for habeas relief and timely placed on notice that non-compliance may and will entail dismissal of the action. *See* **ECF Nos. 4, 9, 11**. Petitioner has not complied with this Court's orders and the applicable law. Plaintiff has failed to comply with 48 U.S.C. § 864, as well as L. Civ. R. 5, and this Court's Orders.

Considering that the Court's last warning was issued more than a year ago and taking into account the fact that petitioner was duly apprised of the consequences of his inaction in this

matter, the Court hereby **DENIES** the motion for habeas relief at **ECF No. 1.** To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The COA is **DENIED**. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th of February, 2024.

S/AIDA M. DELGADO-COLÓN
**United States District Judge**